## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACQUELINE R. HUMPHRIES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-20-2819 |
| PRINCE GEORGES COUNTY, MARYLAND DEPARTMENT OF SOCIAL SERVICES & FOSTER CARE SERVICES, et al., | * * | |
| Defendants. | *** | |

### MEMORANDUM OPINION

Self-represented Plaintiff Jacqueline R. Humphries filed a Complaint on September 28, 2020, and an Amended Complaint on October 5, 2020. ECF Nos. 1, 3. Plaintiff generally alleges that she has not been in contact with her grandchild since November 2018 as a result of Defendants' discriminatory actions and false statements claiming she is diagnosed with mental illness. ECF No. 3 at 5. Plaintiff claims that Defendants have conspired to discriminate and have discriminated against her "because she has a Physical Disability, but Perceived to have a Mental Disability." ECF No. 3 at 6-7. Plaintiff asserts that Defendants' conduct resulted in recommendations that she not have contact with her grandchild. *Id.* at 19. She seeks damages for the "false mental illness diagnosis by all Conspirators." *Id.* at 6. For the reasons discussed below, Plaintiff will be provided with an opportunity to file a second amended complaint addressing only her Americans with Disabilities Act claims.

### I.     Criminal claims

Plaintiff alleges that various Defendants have violated criminal statutes, including criminal conspiracy, offenses against children, false claims and statements, obstruction of justice,

kidnapping, failure to report child abuse, perjury, and concealing physical abuse.[1] Plaintiff cites to provisions of the federal criminal code that allow the prosecution of crimes by the federal government.

Individuals, such as Plaintiff, do not have prosecutorial authority to enforce criminal statutes. To the extent that Plaintiff intends to use a criminal statute to allege a violation of a constitutional right, she fails, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Williams v. Morgan*, 2017 WL 2439144, at *1 n.1 (D.Md. 2017) quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and citing *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Plaintiff's allegations, therefore, do not provide grounds for relief and shall be dismissed.

II.   **Civil conspiracy claims**

Plaintiff also asserts the existence of civil conspiracies amongst various Defendants.[2] To establish a civil conspiracy claim under § 1983, plaintiff must present evidence that defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). An essential element for a claim of conspiracy to deprive plaintiff of a

---

[1] Plaintiff asserts criminal conspiracy allegations against Defendants Jerry Milner, Angela Alsobrooks, Lynette Walker, Darquita Fletcher, Danielle Clark, Dominique Davis, Ronald Davis, and Gloria Brown. ECF No. 3 at 7-8, 12, 14, 15, 16, 18. Plaintiff asserts offenses against children claims against Defendants Dominique and Ronald Davis. *Id.* at 8-9. Plaintiff also makes false statements claims against Defendants Gloria Brown, Valerie Heath, and Thomas Weimer; obstruction of justice claims against Defendants Carmen Phelps, Gloria Brown, Alyson Becker, and Danielle Clarke; a kidnapping claim against Defendant Carman Phelps; failure to report child abuse claims against Alyson Becker, Thomas Weimer, and Carman Phelps; a perjury claim again Defendant Ronald Davis; concealing physical abuse claims against Thomas Weimer, Valerie Heath, and Monica Goldson; and claims for contempt of court and violation of a protective order against Karen Smith. *Id.* at 11, 12, 13, 14, 15, 16, 17.

[2] Plaintiff claims that Defendants Pamela Ortiz and Corlis Estrep conspired to deny her access to Maryland circuit court and her right to appeal, that Defendant Gloria Brown conspired to retaliate against Plaintiff for filing an "OCR complaint" for Defendant Brown's failure to complete an investigation, and that Defendant Ronald Davis conspired with Defendants Valerie Heath and Danielle Clark to give Defendant Ronald Davis custody of Plaintiff's grandchild. ECF No. 3 at 8, 11, 13.

constitutional right, is an agreement to do so among the alleged co-conspirators. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagen v. First Nat'l Bank*, 639 F.2d 1073, 1075-76 (4th Cir. 1981). Plaintiff must allege facts establishing that defendants shared a "unity of purpose or a common design" to injure him. *Am. Tobacco Co. v. United St*ates, 328 U.S. 781, 809-10 (1946). "A conspiracy may . . . be 'inferred from the things actually done.'" *Murdaugh*, 639 F.2d at 1075 quoting *Overseas Motors, Inc. v. Imported Motors Ltd., Inc.*, 375 F. Supp 499, 532 (E.D. Mich. 1974). However, circumstantial evidence consisting of "coincidence piled on coincidence" are insufficient where the "proof of collusion is simply too attenuated" to conclude there was a conspiracy to violate the law. *Murdaugh*, 639 F.2d at 1075.

Plaintiff makes only conclusory statements and fails to allege any details regarding the alleged conspiracies amongst the various Defendants nor does she make any factual allegations regarding which, if any, of her rights were deprived as a result of the alleged conspiracies. As such, these claims shall be dismissed for failure to state a claim.

### III.     Failure to state a claim

Plaintiff makes several other allegations that also fail to state a claim. Plaintiff claims that Defendant Dr. Kendal Wylie Pugh made a false medical diagnosis and violated the Health Insurance Portability and Accountability Act ("HIPAA") (ECF No. 3 at 9), that Defendant Valerie Heath defamed her and violated Maryland's mandatory reporting statute (*Id.* at 10, 15), and that Defendant Monica Campbell defamed her (*Id.* at 18).

Plaintiff's allegations that Defendant Dr. Pugh violated HIPAA shall be dismissed as HIPAA does not provide a private right of action for any citizen. *See Stewart v. Parkview Hosp.*,

940 F.3d 1013, 1015 (7th Cir. 2019); *Garmon v. Cty. of Los Angeles*, 828 F.3d 837 (9th Cir. 2016); *Dodd v. Jones*, 623 F.3d 563 (8th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53 (1st Cir. 2009); *Acara v. Banks*, 470 F.3d 569 (5th Cir. 2006); *Tarpley v. Pierce*, No. GLR-17-3267, 2018 WL 4616058, at *10 (D. Md. Sept. 26, 2018). Therefore, Plaintiff's HIPAA claim necessarily fails as a matter of law and must be dismissed.

As to the other claims, Plaintiff makes only conclusory statements. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561. "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Instead of a concise statement of facts as to the underlying causes of action, Plaintiff's claims of a false medical diagnosis, defamation, and violation of a mandatory reporting statute are simply legal statements and conclusions. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002) (internal quotation marks omitted). As such, Plaintiff's bare legal conclusions fail to sufficiently state claims for relief and shall be dismissed.

### IV. Americans with Disabilities Act claim

Finally, Plaintiff alleges that various Defendants violated the Americans with Disabilities Act ("ADA") by discriminating against her based on her physical disability and a perceived mental disability. *See* ECF No. 3 at 7. While Plaintiff states several times that she has a physical disability, she fails to provide details as to the nature of her physical disability or the mental disability Defendants perceive her to have. Plaintiff makes various conclusory statements that she was discriminated against and denied access to the courts but fails to provide any detailed factual allegations regarding the actions taken by Defendants, nor does she allege that these denials of access were made on the basis of her physical or perceived mental disability.[3]

Complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys. A plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Plaintiff will therefore be provided the opportunity to file a second amended complaint to provide further details related to this claim.

### V. Conclusion

Plaintiff will be granted 28 days in which to file a second amended complaint solely to plead in greater detail her ADA claims. Plaintiff must include only the names of the individuals whom she claims are responsible for the alleged wrongdoing under the ADA; the dates of the

---

[3] Plaintiff claims that Defendant Stephen Liggett Creel coordinated his staff to discriminate against Plaintiff on the basis of mental illness (ECF No. 3 at 15), that Defendant Danielle Clark denied Plaintiff the right to defend against a mental illness allegation (*Id.* at 15-6), that generally all the "attorney in this lawsuit" violated the ADA (*Id.* at 17), and that Defendants Karen Smith and Rhonda Weaver denied her access to court where her grandchild's other grandmother was permitted to attend (*Id.* at 8).

alleged incidents; a description of the harm she suffered or is in danger of suffering; and the facts supporting her claim as to each named defendant.

Plaintiff is advised that the second amended complaint will replace her previous complaint and amended complaint in this matter. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint).

In amending the complaint, Plaintiff should be mindful that under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief shall contain: a "short and plain statement of the claim" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct."  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A separate order follows.

__10/22/2020_____         /s/_____
Date                                GEORGE J. HAZEL
                                    UNITED STATES DISTRICT JUDGE